IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:19-CV-72-FL

| | | |
|---|---|---|
| DANNY RAY HAMMONDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| STATE OF NORTH CAROLINA DEPARTMENT OF TRANSPORTATION OF DIVISION OF MOTOR VEHICLES, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon defendant's motion to dismiss for lack of jurisdiction, insufficient service, and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(2), (4), (5), and (6). (DE 9). Plaintiff responded in opposition and separately filed a motion entitled as one "to resolve" a driving record issue. (DE 19). In this posture, the issues raised are ripe for ruling. For the following reasons, defendant's motion is granted and plaintiff's motion is denied.

**STATEMENT OF THE CASE**

Plaintiff commenced this action on April 18, 2019, by filing a complaint form and a civil cover sheet identifying a claim under the False Claims Act, 31 U.S.C. §§ 3729-3733, on the basis of "false claims on driving record." (DE 1-1). Plaintiff does not allege any facts in the complaint. Plaintiff appears to seek injunctive relief and does not assert monetary damages.

Defendant filed the instant motion to dismiss on June 13, 2019, asserting the complaint should be dismissed for insufficiency of process and service of process, resulting in lack of

personal jurisdiction. In addition, defendant asserts that plaintiff fails to allege sufficient facts or state an actionable claim against defendant. Finally, defendant asserts the Eleventh Amendment bars suit against defendant absent alleged waiver of sovereign immunity. After extension, plaintiff responded in opposition to defendant's motion on August 19, 2019. Plaintiff filed the instant motion to resolve on October 15, 2019, attaching correspondence and seeking deletion of a negative mark on his driving record.

## COURT'S DISCUSSION

A.     Standard of Review

Rules 12(b)(2), (4), and (5), allow for dismissal of a complaint for lack of personal jurisdiction, insufficient process, and insufficient service of process. The court lacks personal jurisdiction over a defendant that has not been served properly. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). A plaintiff bears the burden of establishing that process has been served if challenged. Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, the "court accepts all well pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet

Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.    Analysis

   1.    Service

"The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Rule 4(j) provides standards for serving a state government defendant. Here, plaintiff has provided no proof of service and has not evidence that he served defendant properly with either the complaint or summons. Therefore, this matter must be dismissed without prejudice for insufficient service, insufficient service of process, and lack of personal jurisdiction.

   2.    Failure to State a Claim

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Here, where the complaint does not contain factual allegations, plaintiff has not met this basic pleading requirement.

Plaintiff suggests in his opposition to motion to dismiss and in his motion to resolve that he seeks to amend his complaint to assert a claim that defendant failed to correct information in his driving record, particularly a 1994 driving record where plaintiff "was accused of . . . failure to give correct information, Indefinite cancellation, and . . . failure to pay fine . . . Permanent Suspended." (DE 18 at 1-2). Plaintiff asserts that because there are no documents evidencing the suspension or cancellation, the "driving Record needs to be deleted." (DE 19 at 2).

Leave to amend must be freely given when justice so requires, and "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d

404, 426 (4th Cir. 2006) (en banc). Amendment is futile "if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011).

Construing plaintiff's filings liberally as seeking to amend the complaint to assert a claim based upon failure to delete or cancel his driving records, the motion must be denied as futile. Plaintiff's allegations fail to state a claim for multiple reasons. First, while plaintiff checks the box on the civil cover sheet for a claim under the False Claims Act, such a claim arises from the submission of a fraudulent claim to the government, not the failure by the government to maintain or delete records. See Corsello v. Lincare, Inc., 428 F.3d 1008, 1012 (2005). In addition, plaintiff does not plead facts necessary to allege circumstances constituting fraud, including time, place, and contents of false representation, as well as identity of the person making the representation. U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 379 (4th Cir. 2008).

Absent the False Claims Act as a basis for a claim, the complaint suffers a fundamental defect in that there is no federal question stated and no basis for federal jurisdiction over the case. "[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants." Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999). Plaintiff appears to be asserting a claim more properly directed to a state court upon exhaustion of state administrative remedies. In addition, where plaintiff has alleged no waiver of sovereign immunity, the Eleventh Amendment bars suit against the state or its agencies in this federal United States District Court, regardless of the nature of relief sought. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).

In sum, this court lacks jurisdiction over defendant, plaintiff fails to state a claim either as pleaded or through proposed amendment, and it is doubtful that there is federal subject matter

4

jurisdiction over this case. Where plaintiff's action suffers from these multiple defects, and where the court already has considered proposed amendment to plaintiff's claims through plaintiff's response and motion to resolve, further amendment is futile and dismissal must be with prejudice.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 9) is GRANTED. Plaintiff's motion to resolve (DE 19), construed as including a motion to amend complaint, is DENIED. Plaintiff's action is DISMISSED WITH PREJUDICE. The clerk is DIRECTED to close this case.

SO ORDERED, this the 12th day of November, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge